SURPHENE MATRISS, PLAINTIFF-RESPONDENT, v. CITY SERVICE TRANSIT COMPANY, DEFENDANT-APPELLANT, AND MERRIT BOTTUM, DEFENDANT.

Submitted October term, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Sol Hoberman.*

For the respondent, *John J. Breslin.*

For the defendant Merritt Bottum, *Irving L. Werksman.*

PER CURIAM.

In the present appeal the defendant urges that there should be a reversal of the judgment against it on the ground that there was no proof of negligence in the operation of its bus.

From the proofs it could be found that the plaintiff, driving his automobile, was compelled through no fault of his own, to rest his car momentarily in a position crosswise of the highway, and while standing in this position his car was run into by the defendant's bus. There was proof that the plaintiff's automobile thus placed was in sight of the driver of the bus for a distance of at least one hundred feet; that there was space between the automobile and the edge of the highway sufficient for the bus to pass, and that the bus was proceeding at a speed of from eight to nine miles an hour. If the bus proceeding at such speed had been held under proper control, it is quite clear that the collision which took place could have been avoided by the exercise of reasonable care.

The motions for a nonsuit and direction of a verdict in favor of the defendant were therefore properly denied.

The refusal of the trial judge to strike out the testimony as to the rental by the plaintiff of a substituted car pending the repair of his damaged automobile (testimony to which no objection was made) was proper.

The judgment is affirmed, with costs.